**Electronically Filed
Intermediate Court of Appeals
30080
16-NOV-2012
08:23 AM**

NO. 30080

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
KELLY RIVERA, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CRIMINAL NO. 09-1-1355)

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Kelly Rivera (Rivera) appeals from
the Judgment of Conviction and Sentence (Judgment) entered on
August 26, 2009 in the Family Court of the First Circuit[1] (the
family court). The family court found Rivera guilty of
Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-
1106(1)(a) (Supp. 2011).[2]

On appeal, Rivera contends: (1) the family court abused
its discretion and violated Rivera's constitutional rights when

---

[1] Except as otherwise indicated, the Honorable Wilson M.N. Loo
presided.

[2] HRS § 711-1106(1)(a) provides:

(1) A person commits the offense of harassment if, with
intent to harass, annoy, or alarm any other person, that person:
(a) Strikes, shoves, kicks, or otherwise touches another
person in an offensive manner or subjects the other person to
offensive physical contact.

it denied her motion to continue trial; (2) the family court's Findings of Fact (FOFs) 7-19, 22, and 23 are clearly erroneous because they are inconsistent with the sole act upon which the family court explicitly based its finding of guilt; (3) the family court's Conclusion of Law (COL) 3 is wrong because it is inconsistent with the court's oral ruling and COLs 3 and 5 are wrong because there was insufficient evidence to disprove the parental discipline defense beyond a reasonable doubt; and (4) the family court erred when it failed to afford Rivera her right to allocution under Hawaiʻi Rules of Penal Procedure (HRPP) Rule 32, and when it failed to request a pre-sentence report as required under HRS § 706-601 (1993 Repl. & Supp. 2011) because Rivera was only nineteen years old at the time of sentencing.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Rivera's points of error as follows:

(1) The family court did not abuse its discretion when it denied Rivera's motion to continue trial. At the first trial setting, the defense requested a continuance in the normal course, but the family court granted only a two-day continuance because the complaining witness (Minor) was leaving the state on the evening of May 8, 2009.

At trial on May 8, 2009, defense counsel again requested a continuance to give him "time to prepare, to talk to all the witnesses, to talk to the teachers to see what information . . . could be used." Rivera contends that, in the two-day span between May 6-8, 2009, "Rivera had subpoenaed several witnesses from [Minor's] school including the principal, vice-principal, and teachers; however, [defense counsel] had not had a chance to talk to the witnesses." Defense counsel wanted such information, in part, to cross-examine Minor and Minor's

mother (Mother).  On May 7, 2009, Rivera had also filed a "Notice of Intent to Rely Upon Other Crimes, Wrongs, Acts" (Notice) related to Minor's history of disruptive behavior and other misconduct.  The prosecution stated that it was willing to stipulate to the facts in the Notice or to defense counsel's offer of proof.

The family court denied the request to further continue trial, noting that the "initial arraignment and plea in this matter was set on April 6th, 2009.  Trial was set for May 6th . . . giving the defense approximately four weeks to prepare for trial."  Also influencing the family court's decision was the State's representation that Minor was leaving the islands that night.  After cross-examining Minor and Mother, defense counsel noted:

> let the record to reflect should we talk to [potential defense] witnesses and should other information come out that could have been used to cross-examine [Minor] as well as [Mother] . . . defense counsel does not have that opportunity to do so because [Minor and Mother are] flying out tonight.

Under the circumstances of this case, the family court did not abuse its discretion or deny Rivera her constitutional rights.  This court has previously noted that:

> In moving for a continuance based on the unavailability of a witness, the movant must generally show that:
>
>> due diligence has been exercised to obtain the attendance of the witness, that substantial favorable evidence would be tendered by the witness, that the witness is available and willing to testify, and that the denial of the continuance would materially prejudice the defendant.

State v. Lee, 9 Haw. App. 600, 604, 856 P.2d 1279, 1282 (1993) (quoting United States v. Walker, 621 F.2d 163, 168 (5th Cir.1980) cert. denied, 450 U.S. 1000, 101 S.Ct. 1707, 68 L.Ed.2d 202 (1981)); see also State v. Billam-Walker, 121 Hawai'i 228, 230-31, 216 P.3d 1251, 1253-54 (App. 2009).  Here, although the defense had a month to prepare for trial, witnesses from Minor's school had only been subpoenaed on May 7, 2009, and there was no showing that these witnesses would provide substantial favorable

evidence for Rivera, that they were available and willing to testify, and that denial of a continuance would materially prejudice Rivera.

Moreover, "[a]buse of discretion will not ordinarily be found in the denial of a continuance to enable a temporarily unavailable witness to be called whose testimony will not bear directly upon the issue of guilt and who is called only for purposes of impeachment." State v. Altergott, 57 Haw. 492, 508, 559 P.2d 728, 739 (1977). Here, the information about Minor's misbehavior in other situations did not bear directly on the issue of Rivera's guilt, and thus under Altergott, denial of a continuance in such circumstances was not an abuse of discretion.

We further note that, to the extent information about Minor's misbehavior was important to the defense, the prosecution was willing to stipulate to the facts in the Notice but the defense declined to enter into such a stipulation. Also, trial was subsequently continued several times and when trial commenced again on August 26, 2009, defense counsel called several witnesses but did not call any school personnel or behavioral health staff, made no representation that the defense needed to recall Minor or Mother, and did not claim that Rivera had been unable to pursue her theory of the case due to the court's denial of her request to continue trial on May 8, 2009.

Rivera also argues that in light of the State's representation that Minor was leaving for the mainland the evening of May 8, 2009, the State should have "file[d] a request for firm trial setting under HRPP Rule 12.2." This argument fails because a party is not required under HRPP 12.2 to file a motion for firm trial setting under the circumstances of this case, and Rivera cites to no authority to show otherwise.

Rivera's additional argument, that the State should have shown a good-faith effort to secure Minor's presence, also fails. Minor was available on the first day of trial, testified,

and defense counsel cross-examined him. The State did not argue that Minor was unavailable on the day of trial and seek to admit an out-of-court statement from Minor. Thus, Rivera's reliance on State v. Lee, 83 Hawai'i 267, 925 P.2d 1091 (1996) and State v. Ortiz, 74 Haw. 343, 845 P.2d 547 (1993), which address the right to confront witnesses, is misplaced.

Based on the circumstances in this case, the family court did not abuse its discretion when it denied Rivera's motion on May 8, 2009 to continue trial.

(2) The family court did not err in its findings in FOFs 7-19, 22, and 23. Rivera argues that the family court "clearly identified that it was convicting Rivera for the evening incident with the belt" and therefore, FOFs 7, 8, and 12-19 were "irrelevant and immaterial" because they did not refer to the evening incident, and as such, were "clearly erroneous and not supported by substantial evidence."

We do not agree with Rivera's narrow view of the family court's ruling. In its oral rulings at the end of trial on August 26, 2009, the family court noted that Rivera had used a belt "on the day in question" and did not limit its ruling to just the evening incident. In its subsequent written Findings of Fact, Conclusions of Law and Verdict (FOF/COL/Verdict), the family court set forth in detail the basis for its ruling and was not constrained to limit its findings to the evening incident.[3] Although Rivera testified that the only time she had spanked Minor with a belt was during the evening incident, Minor testified that Rivera had hit him with a belt during the morning, afternoon, and evening incidents.

Rivera also challenges all or parts of FOF 7-19, 22, and 23 on the basis that they are not supported by substantial

_____

[3] Rivera does not challenge the family court's issuance of the FOF/COL/Verdict, but rather the scope of the findings and, as discussed *infra*, the content of the conclusions.

evidence.  "Verdicts based on conflicting evidence will not be set aside where there is substantial evidence to support the trier of fact's findings."  State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citation, and brackets omitted).  Furthermore, "an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence[.]"  Id.

In this case, the testimony by Minor, Mother, and Rivera, as well as the State's Exhibits, support FOFs 7-19, 22, and 23, and these findings were not clearly erroneous.

(3)  Rivera challenges the family court's COLs 3 and 5, which state:

CONCLUSIONS OF LAW

. . .

3. The State has proven beyond a reasonable doubt that [Rivera], with intent to harass, annoy, or alarm [Minor], did strike, shove, kick or otherwise touch [Minor] in an offensive manner or subject [Minor] to offensive physical contact.  The court reaches this conclusion based upon the totality of circumstances, including the nature and severity of [Rivera's] conduct which caused multiple injuries to [Minor].

. . .

5. The State has disproven beyond a reasonable doubt the parental discipline defense.  The court reaches this conclusion based upon the totality of circumstances, and find that the force used by [Rivera] was not reasonably related to the purpose of safeguarding or promoting the welfare of [Minor] and that the force used was excessive and improper punishment on [Minor].

We are not persuaded by Rivera's arguments.

(a)  At the conclusion of the trial, the family court orally stated that Rivera's use of the belt on Minor "was disproportionate to the size of [Minor]."  Rivera contends that COL 3 is inconsistent with the family court's oral ruling because COL 3 made no reference to Minor's size.  However, COL 3 addresses the elements for the offense of Harassment, whereas the family court's statement about Minor's size is relevant to the

separate issue of the parental discipline defense. Thus, COL 3 is not wrong simply because it failed to address Minor's size.

Rivera also argues that the family court's oral ruling was wrong because there was no evidence presented as to Minor's size or weight. Although there was no testimony specifically establishing Minor's size, the court was able to discern Minor's size from the photographs admitted into evidence and from visually seeing Minor when he took the stand less than two months after the alleged incidents.

(b) In COL 5, the family court concluded that the prosecution had disproved beyond a reasonable doubt the application of the parental discipline defense, on the basis that "the force used by [Rivera] was not reasonably related to the purpose of safeguarding or promoting the welfare of [Minor] and that the force used was excessive and improper punishment[.]" Rivera contends there was insufficient evidence to support these conclusions. We do not agree.

The parental discipline defense is based on HRS § 703-309 (1993 Repl. and Supp. 2011), which states in relevant part:

§703-309 **Use of force by persons with special responsibility for care, discipline, or safety of others.** The use of force upon or toward the person of another is justifiable under the following circumstances:

(1) The actor is the parent or guardian or other person similarly responsible for the general care and supervision of a minor, or a person acting at the request of the parent, guardian, or other responsible person, and:

(a) The force is employed with due regard for the age and size of the minor and is reasonably related to the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of the minor's misconduct; and

(b) The force used is not designed to cause or known to create a risk of causing substantial bodily injury, disfigurement, extreme pain or mental distress, or neurological damage.

Here, COL 5 is based on HRS § 703-309(1)(a). "Because the requirements of HRS § 703-309(1) are set out in the conjunctive,

rather than the disjunctive, the prosecution needed only to disprove one element beyond a reasonable doubt to defeat the justification defense." State v. Kiese, 126 Hawaiʻi 494, 503-04, 273 P.3d 1180, 1189-90 (2012) (quoting State v. Crouser, 81 Hawaiʻi 5, 11, 911 P.2d 725, 731 (1996)).

The reasonableness of force turns on the totality of the facts and circumstances of each case, as explained in State v. Matavale, 115 Hawaiʻi 149, 166 P.3d 322 (2007). "Clearly, there is no bright line that dictates what, under all circumstances, is unreasonable or excessive corporal punishment. Rather, the permissible degree of force will vary according to the child's physique and age, the misconduct of the child, the nature of the discipline, and all the surrounding circumstances." Id. at 165, 166 P.3d at 338 (emphasis omitted).

Here, the surrounding circumstances included evidence that: on the day of the incidents, Minor was nine years old; Minor was exposed in utero to drugs; he has behavior problems, including diagnoses of post-traumatic stress disorder, attention deficit hyperactivity disorder, oppositional defiant disorder, and bipolar disorder; he received treatment from a psychologist and psychiatrist; he needs medication to calm him down. Rivera knew Minor had behavioral issues and was prescribed medication to help him control his behavior, but Rivera chose not to give Minor his medication because she did not believe it helped him and she did not like "the way it makes him."

Rivera testified that she usually disciplined Minor by taking away things he liked to do, such as watching television or playing Playstation. However, on the day in question, there is sufficient evidence to establish that Rivera reacted to each incident by striking Minor with the belt, over five times in the morning, over five times in the afternoon, and over five times in the evening. As to the morning incident, there is evidence that Rivera referred to Minor as "fuckin' kid" and she "looked mad."

As to the evening incident, there is evidence that after Minor tried to grab the belt, Rivera again struck him with the belt and later struck Minor in the face with her hand. After Minor called Mother, Rivera took the phone from Minor and told Mother that she would throw Minor out of the car if she had to take him home.

There is also sufficient evidence to establish that when Minor returned to Mother the evening in question, Mother observed marks on the side of his face, welts on his cheek bone, redness on his eyelids, welts on the outer tricep areas of his arms and on both sides of the middle of his back. When Minor was taken to Kapiolani Hospital three days after the incidents, Dr. Boychuk observed residual bruising around Minor's right eye and Minor complained of pain.

Rivera argues that "use of a belt to discipline . . . has been deemed a permissible form of discipline" by the Hawai'i Supreme Court and this court, citing to State v. Deleon, 72 Haw. 241, 813 P.2d 1382 (1991) and State v. Robertson, No. 28683 (App. Nov. 30, 2009) (mem.). However, as noted in Matavale, each case turns on all of the circumstances and there are no bright lines delineating when force is unreasonable and excessive.

We note that in Matavale, the Hawai'i Supreme Court agreed with other courts that "an isolated instance of moderate or reasonable physical force . . . *that results in nothing more than transient pain or temporary marks or bruises is protected under the parental discipline privilege.*" 115 Hawai'i at 166, 166 P.3d at 339. However, we conclude that such reasoning does not apply in this case, where Rivera: knew that Minor was prescribed medication to address his behavior problems but did not give him his medicine; struck Minor not in an isolated instance, but on three different occasions in the same day; hit Minor multiple times with a belt on each occasion; struck Minor in the face on one occasion; called Minor a "fuckin' kid" twice;

and told Mother that if Rivera had to bring Minor home, she would throw him out of the car.

Considering the evidence in the light most favorable to the State, there was substantial evidence to support the family court's conclusion that the State disproved the parental discipline defense because the force used by Rivera when she struck Minor was not reasonably related to the purpose of safeguarding or promoting the welfare of Minor. See State v. Crouser, 81 Hawai'i 5, 911 P.2d 725 (1996); State v. Miller, 105 Hawai'i 394, 98 P.3d 265 (App. 2004).

(4) The family court erred by failing to accord Rivera her right to pre-sentence allocution. Rivera's right to allocution under HRPP Rule 32(a) and article I, section 5 of the Hawai'i State Constitution were violated when the family court imposed sentence without personally addressing Rivera and instead addressed Rivera through her counsel. See State v. Schaefer, 117 Hawai'i 490, 498, 184 P.3d 805, 813 (App. 2008).

The family court also erred when it failed to order a pre-sentence diagnosis and report (PSI), in violation of HRS § 706-601, which provides that "the court shall order a pre-sentence correctional diagnosis of the defendant and accord due consideration to a written report of the diagnosis before imposing sentence where: . . . (b) The defendant is less than twenty-two years of age and has been convicted of a crime." HRS § 706-601(1)(b). Rivera was convicted of the crime of harassment and was nineteen years old when sentence was imposed; thus, the court was required to order a PSI and consider the report before imposing sentence.

Because the denial of allocution is reversible error, Rivera's sentence must be vacated and this case remanded for resentencing before a different judge to provide Rivera her right to allocution. Schaefer, 117 Hawai'i at 498, 184 P.3d at 813.

Additionally, prior to sentencing, the court must order a PSI and consider it before imposing sentence.

Therefore, IT IS HEREBY ORDERED THAT

The Judgment of Conviction and Sentence entered on August 26, 2009 in the Family Court of the First Circuit is affirmed in part and vacated in part. Rivera's conviction for Harassment is affirmed. Rivera's sentence, however, is vacated, and the case is remanded to the family court for re-sentencing before a different judge. Prior to re-sentencing, the court must order a PSI and consider it before re-sentencing.

DATED: Honolulu, Hawai'i, November 16, 2012.

On the briefs:

Karen T. Nakasone
Deputy Public Defender
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge